UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WARRIOR ENERGY SERVICES                CIVIL ACTION
CORPORATION ET AL.

VERSUS                                 NO: 12-2297

ATP TITAN, *in rem*, AND ATP           SECTION: R
TITAN, LLC, *in personam*

### ORDER

Before the Court is plaintiffs' motion to exclude documents offered by defendants in the reply brief filed pursuant to their motion to dismiss.[1] Plaintiffs first contend that pleadings and exhibits from cases preceding the United States Supreme Court's decision in *Lozman v. City of Riviera Beach, Fla.,* 133 S.Ct. 735 (2013) are irrelevant and therefore should be excluded pursuant to Federal Rule of Evidence 401. Plaintiffs argue that the issue before the Court concerns the vessel status of the ATP TITAN rather than whether the structures in earlier cases would now be considered vessels in light of the holding of *Lozman*.

Evidence is considered relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The effect of the *Lozman* decision on Fifth Circuit jurisprudence concerning floating platforms has not yet been established, and the Court finds that the materials

---

[1]   R. Doc. 33.

presented are relevant in that they reveal the evidence on which courts made their determinations as to whether structures should be considered vessels.

Further, the Court finds to be unavailing plaintiffs' argument that defendants rely on hearsay by introducing materials drawn from other lawsuits. Plaintiffs object to various documents that describe structures as either vessels or floating offshore installations and deposition testimony and pleadings that discuss the relevant characteristics of the structures at issue. Hearsay is defined as a statement "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. The Court finds that the exhibits to which plaintiffs object are not being offered for the truth of the matter asserted. For example, defendants do not point to deposition testimony from *Mendez v. Anadarko* to support the position that the Red Hawk is a vessel or that it has any particular characteristics. Rather, defendants seek to demonstrate that many of the same arguments made by plaintiffs here were presented in earlier cases and rejected by the courts. Such information assists the Court in evaluating the applicability of earlier precedent by establishing the evidence before the courts. Whether or not the documents, deposition testimony, or pleadings were accurate is irrelevant to their

purpose here. The Court thus finds that defendants' exhibits are not offered for the truth of the matter asserted and may be admitted. Plaintiffs' motion to strike is DENIED.

New Orleans, Louisiana, this 19th day of March, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE